**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                          **CRIMINAL NO. 1:13CR51-LG-RHW-2**
                                                          **1:14CR1-LG-JMR-2**

**KEITH ANTHONY KIEL**                                          **DEFENDANT**

**ORDER DENYING DEFENDANT'S MOTION
TO QUASH OR DISMISS INDICTMENT**

BEFORE THE COURT is the [50] Motion to Quash/Dismiss Indictment filed by Defendant Keith Anthony Kiel.  The Court heard arguments on the Motion on March 25, 2014.  At that time the Court denied the Motion on the record, with a written order to follow.  For the reasons set forth below, it is the opinion of the Court that the Motion to Quash/Dismiss the Indictment should be denied.

### BACKGROUND

Kiel is charged in a seven-count indictment with various offenses related to multiple bank robberies. (ECF No. 4)  Kiel and two other defendants were indicted on June 11, 2013 on seven counts, which include violations of 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 2113(a)&(d) (bank robbery), 18 U.S.C. § 924(c)(1)(A)(ii) (brandishing of a firearm), and 18 U.S.C. § 2312 (transportation of stolen vehicles). In that indictment, the defendants are alleged to have committed two bank robberies:  one on May 13, 2008 ("the May 2008 robbery"), and another on June 19, 2008 ("the June 2008 robbery").[1]

---

[1] This case has been consolidated with Criminal Action No. 1:14-cr-1-LG-JMR, in which the defendants were indicted on January 7, 2014, on charges related

Kiel moves to quash or dismiss the indictment on the grounds that it is barred by the applicable statute of limitations.  The United States ("the Government") has responded in opposition to the Motion.  (ECF No. 55).

The parties do not dispute that the charges in the indictment carry a five-year statute of limitations under 18 U.S.C. § 3282.[2]  Kiel submits that the June 11, 2013 indictment violates the five-year statute of limitations with respect to the May 2008 robbery, and he argues that the counts related to that robbery should be dismissed.  Kiel further argues that, although the charges related to the June 2008 robbery are not barred by the statute of limitations, they should nevertheless be dismissed because Kiel is "allegedly tied to the June 19, 2008 robbery mainly via evidence obtained from the May 13, 2008 robbery."  (Mot. 2, ECF No. 50).

In response to Kiel's Motion, the United States submits that because DNA testing by the Federal Bureau of Investigation (FBI) implicated Kiel in the May robbery, 18 U.S.C. § 3297 applies, and therefore the statute of limitations period for

---

to several other bank robberies committed in 2012 and 2013.  The instant Motion relates only to the May 2008 and June 2008 robberies, and the corresponding indictment in Criminal Action No. 1:13-cr-51-LG-RHW.

[2] 18 U.S.C. § 3282 provides in part:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

18 U.S.C. § 3282(a).

the charges in the indictment is extended.  18 U.S.C. § 3297 provides:

> In a case in which DNA testing implicates an identified person in the commission of a felony, no statute of limitations that would otherwise preclude prosecution of the offense shall preclude such prosecution until a period of time following the implication of the person by DNA testing has elapsed that is equal to the otherwise applicable limitation period.

18 U.S.C. § 3297.  The Government submits that Defendant Kiel was implicated in the May 2008 robbery by DNA testing reported by the FBI Laboratory on May 7, 2013.  (Gov't Resp. 2, ECF No. 55; FBI Lab Report, ECF No. 55-1).  According to the Government, FBI Agents submitted to the FBI Laboratory a mask, gloves, and a soda can left in the getaway vehicle used in the May 2008 robbery.  The FBI Laboratory determined in May 2013 that the DNA profile found on the mask and gloves was individually matched to Kiel's DNA profile in a nationwide DNA computer analytical system.  (*Id.*)  Therefore, the Government argues, the five-year statute of limitations period with respect to the May 2008 robbery did not start running until May 7, 2013, when the FBI's DNA testing first implicated Kiel.  Thus, the Government asserts, the June 2013 indictment is not barred by the statute of limitations.

## DISCUSSION

The Court finds that, under the plain language of 18 U.S.C. § 3297, Kiel's indictment does not violate the applicable statute of limitations.  The Government has submitted the May 2013 FBI Laboratory report explaining that DNA testing implicated Kiel in the commission of the May 2008 robbery.  Therefore, under §

3

3297, the five-year statute of limitations that would have otherwise precluded prosecution on charges related to the May 2008 robbery does not apply, and an additional five-year period following Kiel's implication in the crime is permitted to elapse before his prosecution is time-barred. Accordingly, his indictment in June 2013 is timely under 18 U.S.C. § 3297.

The United States Court of Appeals for the Seventh Circuit affirmed a trial court's decision reaching the same result in *United States v. Hagler*, 700 F.3d 1091 (7th Cir. 2012). In *Hagler*, DNA testing conducted in 2008 identified Hagler in a then-unsolved bank robbery that was committed in 2000. Hagler was indicted in 2010, just under ten (10) years after the robbery was committed. Following his conviction, Hagler appealed, challenging the timeliness of his prosecution. The Seventh Circuit rejected Hagler's argument that he was indicted after the statute of limitations in 18 U.S.C. § 3282(a) had run. The *Hagler* court noted that "[s]ection 3282(a) specifically allows for exceptions to the general limitations period," and that 18 U.S.C. § 3297 applied; therefore, Hagler's indictment was not time-barred. 700 F.3d at 1096-98. The Seventh Circuit discussed the purpose of § 3297 in light of the nature of DNA evidence, which is the "most reliable evidence of identification:"

> This unique reliability explains why Congress enacted §
> 3297. Statutes of limitations exist, in part, to protect
> people from having to defend against charges where the
> basic facts may have become obscured by the passage of
> time.  But properly stored DNA evidence, unlike most
> other kinds of evidence, can maintain its reliability for
> decades.  Thus, when DNA evidence is available, the
> reasons for having a statute of limitations are
> significantly attenuated. Or, put another way, § 3297

> extends the limitations period in DNA cases because DNA evidence is uniquely precise.

*Hagler*, 700 F.3d at 1098 (internal quotations and citations omitted).

Kiel argued at the March 25, 2013 hearing that 18 U.S.C. § 3297 is unconstitutional.  This Court rejected that argument, and noted that the Seventh Circuit also rejected a void-for-vagueness argument in *Hagler*.  As the Seventh Circuit found, "§ 3297 is perfectly susceptible to reasoned interpretation."  700 F.3d at 1098.  This Court agrees, and declines to find that § 3297 is unconstitutionally vague.

CONCLUSION

For the reasons set forth above, the Court finds that the June 2013 indictment charging Defendant Kiel with offenses related to the May 2008 and June 2008 bank robberies is not barred by the applicable statute of limitations.  Accordingly, Defendant Kiel's Motion to Quash/Dismiss the indictment is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [50] Motion to Quash/Dismiss Indictment filed by Defendant Keith Anthony Kiel is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 16th day of June, 2014.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE